IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TARA CAPPS, as administrator of the ESTATE OF MARK CAPPS, | ) ) ) |
| Plaintiff, | ) ) |
| | ) No. 3:23-cv-01141 |
| v. | ) |
| | ) Judge Crenshaw |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, *et al.*, | ) Magistrate Judge Newbern ) ) JURY DEMAND |
| | ) |
| Defendants. | ) |

## SGT. COON'S REPLY SUPPORTING MOTION TO EXCLUDE PLAINTIFF'S EXPERT

This Court adhered to Supreme Court precedent when it tailored discovery to resolve Sgt. Coon's qualified immunity defense early in the case. *See Crawford-El v. Britton*, 523 U.S. 574, 599-600 (1998); Case Mgmt. Order, Doc. No. 39. That process did not force Plaintiff's failure to timely disclose an expert, nor does it excuse a late disclosure.[1] *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) ("misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline"). Plaintiff's response asks this Court to ignore Rule 26, and her own pleadings, to excuse her failure to disclose. She cites no authority to persuade the Court to consider her expert's declaration under these circumstances. The appropriate sanction is to exclude her expert.

### I. Plaintiff has not explained why her transgression is justified, and exclusion is the appropriate sanction.

Plaintiff's own pleadings explain why the Court should reject her excuse that she did not know that she needed an expert until after depositions.

---

[1] Defendants have not railroaded the Plaintiff by following the Supreme Court's instructions. Sgt. Coon asserts the qualified immunity defense, which should be resolved as soon as possible. *Crawford-El*, 523 U.S. at 599-600. Plaintiff is represented by experienced civil rights attorneys who are familiar with qualified immunity and this Court's procedures.

{N0638591.2}  1

On April 24, 2024, more than two months after Plaintiff received all bodycam video and MNPD documents related to the incident, not to mention Sgt. Coon's initial motion for summary judgment, she filed her Amended Complaint, which alleged:

> 176. On information and belief, Capps did not have a gun in his hand, was not pointing a gun at the officers, and was not taking any other action that posed an imminent threat of harm to the officers.

(Am. Compl., Doc. No. 50.)

Plaintiff now reveals that she did not have any "information or belief" to support this allegation when she filed her Amended Complaint. She claims that "[i]t was not anticipated that these officers would directly contradict the physical and video evidence." (Pl.'s Resp. at 2, Doc. No. 82.) How then did she intend to prove her case if no evidence showed that Capps did not pose a threat when she filed her Amended Complaint? An expert analysis was the only *possible* avenue of proof. Thus, Plaintiff's own pleadings show the obvious need for an expert, which is indeed a common element in excessive force cases.

Plaintiff argues that she can spring her expert without disclosing him because she discovered some "inconsistent statements and misrepresentations" in depositions. (Pl.'s Resp. at 2, Doc. No. 82.) But which specific inconsistent statements and misrepresentations justified this tactic? She does not say. There are no such disputes, for the reasons explained in Sgt. Coon's reply and response to her additional statement of facts. (Doc. Nos. 74-75.) Sgt. Coon and the two officers who were with him have consistently stated that Capps was pointing a gun at them. (*See* Resp. to Pl.'s Stmt. Add'l Facts at 24-26, Doc. No. 75.)

Plaintiff has not actually found any inconsistent statements or misrepresentations; she merely found an expert to offer an unsupported opinion about what Capps was thinking in the moments before he was shot. Nowhere does the expert contend that Capps was not holding a gun, or that he was not pointing it at officers. In fact, he assumes that Capps had a

gun in his hand, and he does not address where it was pointed. (Warren Decl. ¶ 18b, Doc. No. 66-2 ("Unfortunately before his decision became known (whether to flee or place his firearm down on the table behind him and to the right), Officer Coon fired four times, killing Mr. Capps.").) Plaintiff's expert interprets the video evidence and medical examiner's report to suggest that Capps was turning his body when he was shot. (*Id.* ¶ 16b-e.) The expert muses about why Capps might have turned his body, but this does nothing to support Plaintiff's "information and belief" allegation that Capps was not pointing a gun at officers.

The expert's declaration therefore does not create a genuine dispute of material fact as to whether Capps was pointing a gun at the officers. Nor could it be a basis for denying Sgt. Coon qualified immunity. It is well-established that an officer can use deadly force within a few seconds of a person posing a "serious and immediate threat" to an officer. *See, e.g.*, *Untalan v. City of Lorain*, 430 F.3d 312, 315 (6th Cir. 2005) (declining to find a constitutional violation when an officer shot a suspect based on the perception that he was holding a weapon); *Mullins v. Cyranek*, 805 F.3d 760, 767-68 (6th Cir. 2015) (relying on *Untalan* and cases that allowed deadly force within a few seconds of a serious threat, regardless of what could have happened).

## II. Plaintiff disregarded the Court's scheduling order as well as Rule 26.

Plaintiff has no valid explanation for her disclosure of an expert in response to Sgt. Coon's motion for summary judgment. Nonetheless, she insists that she is in the right because under Rule 26(a)(2)(D), she does not have to disclose expert witnesses until 90 days before trial. That would be true if there were no case management order. In this case, her argument rings hollow because she failed to disclose her expert "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

The Rule's court-ordered expert disclosure language applies here because the Court's order dictated the sequence of discovery. The first phase focused on Sgt. Coon's qualified

immunity defense. (Order at 4-5, Doc. No. 39.) The Court stated that "[t]he parties do not anticipate expert witnesses prior to briefing on Defendant Coon's summary judgment being complete. Expert witness deadlines between Plaintiff and Metro Nashville are reserved." (*Id*. at 6.) Thus, the Court addressed expert witnesses in its initial scheduling order.

Knowing this, Plaintiff never disclosed her expert. She never told the Court or Sgt. Coon that she changed her position on experts, and she did not ask for an extension so that she could disclose and engage an expert. Based on her representations, she knew she wanted an expert by June 28, 2024. Pl.'s Resp. at 2, Doc. No. 82 (stating that the "need" arose after the depositions); Order, Doc. No. 39 (setting June 28, 2024 as the fact discovery deadline). Yet Plaintiff did not notify the Court or Sgt. Coon. Instead, she simply hired an expert and filed his declaration in support of her response to Sgt. Coon's motion for summary judgment.

Plaintiff has known about the arguments in the pending motion for summary judgment since it was first filed on Feb. 13, 2024.[2] (*See* Doc. Nos. 24-25.) She received the full video and documentary record of this case on Feb. 16, 2024. (*See* Order, Doc. No. 39.) If Rule 26 means anything, she should not be able to retain an expert without disclosing him after discovery has closed under these circumstances.

Undersigned counsel is unaware of any cases that allow this tactic. Plaintiff cites none. Her conduct falls short of her duty to disclose expert witnesses pursuant to the letter and spirit of the Court's order under Rule 26(a)(2)(D). She chose to ignore the order and now tries to hide behind a wooden reading of the Rules of Civil Procedure. The Court should not tolerate this course of action.

---

[2] The version of the motion filed on July 12, 2024, was not identical to the first version filed in February, but the main argument is the same: that Sgt. Coon is entitled to qualified immunity because he violated no clearly-established constitutional right, based on the fact that Capps pointed a gun at officers.

{N0638591.2}  4

Simply put, Plaintiff has not shown "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party" that would allow this Court to find that the failure to disclose was harmless. *Sommer v. Davis,* 317 F.3d 686, 692 (6th Cir. 2003). In fact, Sgt. Coon was surprised by Plaintiff's expert, and she concedes that her failure to disclose was deliberate, not mistaken.

Sgt. Coon's qualified immunity defense shields him from suit, and the Court should rule on this defense "at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citation omitted). Plaintiff's plea for a less severe remedy is therefore not appropriate under the circumstances. The Court's order bifurcating discovery complied with Supreme Court precedent, and Plaintiff should not be allowed to flout the prescribed procedure and spring an expert after the qualified immunity discovery period has closed and a motion for summary judgment has been filed.

Respectfully submitted,

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

/s/ *John W. Ayers*
MELISSA ROBERGE (#26230)
  SENIOR COUNSEL
JOHN W. AYERS (#37494)
  ASSISTANT METROPOLITAN ATTORNEY
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
melissa.roberge@nashville.gov
will.ayers@nashville.gov
*Counsel for Ashley Coon and Metro Nashville*

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and accurate copy of the foregoing has been served via email to:

| | |
|---|---|
| Kyle Mothershead | Bryan Moseley |
| 7000 Executive Center Drive, Suite 240 | 237 Castlewood Drive, Suite D |
| Brentwood, TN 37027 | Murfreesboro, TN 37129 |
| (615) 891-3901 | (615) 254-0140 |
| kyle@relentlesslaw.com | bryan.moseley@moseleylawfirm.com |

on this <u>18th</u> day of September 2024.

              */s/ John W. Ayers*
              John W. Ayers