IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TARA CAPPS, as administrator of the ESTATE OF MARK CAPPS, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, *et al.*, <br><br> Defendants. | No. 3:23-cv-01141 <br><br> Judge Crenshaw <br> Magistrate Judge Newbern <br><br> JURY DEMAND |

**METRO NASHVILLE'S MOTION FOR RELIEF FROM SECTIONS 9 AND 10 OF THE COURT'S JUDICIAL PREFERENCES[1]**

This Court's judicial preferences prohibit counsel from incorporating the motion of another party or incorporating factual/legal authority from another document. (Crenshaw Judicial Preferences 9 & 10.) Judicial Preference 10 states that the only exception is prior Court approval. (*Id.*) Thus, Metro Nashville requests permission to incorporate Sgt. Coon's summary judgment briefing and his motion to exclude Plaintiff's expert into its forthcoming motion for summary judgment.

Allowing Metro Nashville to incorporate prior briefing will reduce duplicative briefing for the Court. It will also allow Metro Nashville to file a motion for summary judgment that explains why a ruling in favor of Sgt Coon entitles Metro Nashville to summary judgment. *See* Judicial Preference 10 (stating that the substantive motion "must explain how it applies to a specific party and how that party is entitled to relief.") Granting this motion would therefore enable the Court to resolve the entire case at one time, rather than on piecemeal motions. Plaintiff's counsel opposes the motion to incorporate.

---

[1] Because of the brief and straightforward nature of the motion, Metro Nashville has combined the motion and memorandum of law.

{N0638364.3}　　　　　　　　　　　　　　1

# BRIEF FACTUAL AND PROCEDURAL SUMMARY

In January 2023, the MNPD SWAT team attempted to serve aggravated kidnapping and aggravated assault warrants on Mark Capps at his home. The tactical plan involved setting breaching charges on his front door, retreating to safety, and then engaging with Capps. The plan came apart when Capps opened the door aiming a gun at the team setting the breaching charges. Sgt. Coon used deadly force to defend himself and his team, resulting in Capps's death. This lawsuit followed.

Relying on 42 U.S.C. § 1983, Plaintiff alleges that Sgt. Coon violated Capps's Fourth Amendment rights by using excessive force and that Metro Nashville displayed deliberate indifference by 1) ratifying unconstitutional uses of deadly force by officers; and 2) "maintaining policies, training and practice customs that are deliberately indifferent" leading to the constitutional violation. (Sec. Am. Compl. ¶ 204, Doc. No. 50.)

Sgt. Coon moved for summary judgment on the excessive force claim based on qualified immunity. (Doc. Nos. 24-26.) The Court entered a case management order that governed discovery into Sgt. Coon's qualified immunity defense. (Doc. No. 39.)

After discovery closed, Sgt. Coon renewed his motion for summary judgment on two grounds. (Doc. Nos. 58-60.) First, he argued that he lawfully shot Capps because he pointed a gun at the officers placing breaching charges at his front door. Under those circumstances, Sgt. Coon did not violate the Fourth Amendment. Second, he argued that no clearly established law prohibited his actions. (Doc. Nos. 58-60.) Briefing on Sgt. Coon's motion for summary judgment and motion to exclude Plaintiff's expert is complete. (Doc. Nos. 58-60, 66-68, 74-77, 82-83.) There is no motion pending that would dispose of the municipal liability claim against Metro Nashville.

## ARGUMENT

Metro Nashville can only be liable under Section 1983 for its own deliberate indifference, not the unconstitutional actions of its employees. *Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 994-95 (6th Cir. 2017); (*see* Sec. Am. Compl. ¶ 204, Doc. No. 50) (asserting deliberate indifference claims against Metro Nashville.) And if its employees' actions were constitutional, or did not violate a clearly established right, then Metro Nashville cannot be liable. *Arrington-Bey,* 858 F.3d at 994-95; *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). In other words, if Sgt. Coon is not liable, then neither is Metro Nashville.

Metro Nashville's argument that there was not a clearly established constitutional violation is identical to the arguments made by Sgt. Coon. The same authority governs whether or not Sgt. Coon's use of force violated the Fourth Amendment, as well as whether there was clearly-established authority that would have put Sgt. Coon on notice that his use of force under the circumstances violated Capps' constitutional rights. In short, the factual and legal bases for the motions would be nearly identical.

In the interest of efficiency and judicial economy, Metro Nashville therefore requests permission to incorporate Sgt. Coon's summary judgment briefing. Metro Nashville's motion for summary judgment can focus on why it would be entitled to summary judgment as well. This provides a mechanism for the Court to resolve both motions at the same time rather than there being another round of briefing.

One other practical consideration weighs in favor of incorporation. Metro Nashville anticipates that Plaintiff will object to her expert being excluded as to Metro Nashville. For purposes of summary judgment, this argument should be a non-starter. The parties agreed that the constitutional violation and clearly established question turned on a limited set of facts, so they agreed to a tailored discovery plan. Those facts have not changed.

As set forth in Sgt. Coon's briefing, discovery yielded no evidence to support Plaintiff's claims. That same discovery should apply to Metro Nashville because a constitutional violation is a threshold question for municipal liability. It would be wasteful and illogical to conduct discovery into the constitutional violation on an agreed-upon timeline, only to repeat the exercise for the municipal liability claim. Therefore, for purposes of Metro Nashville's forthcoming summary judgment motion, all briefing on Sgt. Coon's motion should be incorporated.

Respectfully submitted,

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

/s/ *Melissa Roberge*
MELISSA ROBERGE (#26230)
   SENIOR COUNSEL
JOHN W. AYERS (#37494)
   ASSISTANT METROPOLITAN ATTORNEY
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
melissa.roberge@nashville.gov
will.ayers@nashville.gov
*Counsel for Ashley Coon and Metro Nashville*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via email to:

| | |
|---|---|
| Kyle Mothershead | Bryan Moseley |
| 7000 Executive Center Drive, Suite 240 | 237 Castlewood Drive, Suite D |
| Brentwood, TN 37027 | Murfreesboro, TN 37129 |
| (615) 891-3901 | (615) 254-0140 |
| kyle@relentlesslaw.com | bryan.moseley@moseleylawfirm.com |

on this 4th day of October 2024.

*/s/ Melissa Roberge*
Melissa Roberge