IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TARA CAPPS, as administrator of the ESTATE OF MARK CAPPS, | ) ) ) |
| Plaintiff, | ) ) |
| | ) No. 3:23-cv-01141 |
| v. | ) ) |
| | ) Judge Crenshaw |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, *et al.*, | ) Magistrate Judge Newbern ) ) |
| | ) JURY DEMAND |
| Defendants. | ) ) |

**DEFENDANT'S NOTICE OF FILING SUPPLEMENTAL AUTHORITY**

Defendant Ashley Coon hereby gives notice of supplemental authority that may inform the Court's consideration of his pending motion for summary judgment (Doc. Nos. 58-59).

On January 23, 2025, the Sixth Circuit Court of Appeals decided *Glorianna Moore v. Oakland County, Mich.*, No. 24-1563, a case from the Eastern District of Michigan (No. 2:22-cv-11187). The court held that a police officer did not violate clearly established Fourth Amendment authority when he grabbed a woman's arm during a traffic stop that was partially caught on camera. Slip op. at 7 (attached as Exhibit 1).

The court's observation about the record evidence is instructive in this case, which also involves a use of force that is partially caught on camera:

> Moore contends that the video footage shows that she did not move her hands toward the center console. But it does not show her hands, one way or another, at that point. That leaves three pieces of uncontradicted evidence that she moved her hands toward the console during the encounter: Officer Wilson's case report, his deposition, and his state-court testimony. Because Moore did not provide any testimony or other evidence to the contrary, we must rely on the evidence in the record on this score. *See Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009).

*Id.*

The court went on to hold that because there was no evidence to support the plaintiff's story that she was not putting her hands where the officer could not see them, the officer reacted reasonably in "in 'tense, uncertain, and rapidly evolving' circumstances." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

Here, as in *Moore*, Plaintiff asks the Court to draw conclusions based on what a video does not show. She argues that because Sgt. Coon's bodycam video does not show Mark Capps holding a gun, she is entitled to an inference that he was not armed, and so Sgt. Coon's use of force was objectively unreasonable. But, as in *Moore,* the video "does not show [his] hands, one way or another, at that point." (Ex. 1 at 7.) Moreover, uncontradicted evidence supports Sgt. Coon's account that Capps was pointing a gun at him and his fellow officers: his and other officers' statements to TBI investigators, their deposition testimony, and their sworn declarations. There is also uncontradicted circumstantial evidence that places a loaded gun immediately beside Capps as soon as officers entered his home.

And so, the uncontradicted evidence in this case shows that Capps was pointing a gun at Sgt. Coon and his teammates, which made his use of force objectively reasonable. The Court should decline to draw inferences based on an absence of evidence and grant Sgt. Coon's motion for summary judgment.

{N0664431.1}                                    2
Case 3:23-cv-01141    Document 93    Filed 01/27/25    Page 2 of 3 PageID #: 1263

Respectfully submitted,

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

/s/ *Melissa Roberge*
MELISSA ROBERGE (#26230)
  SENIOR COUNSEL
JOHN W. AYERS (#37494)
  ASSISTANT METROPOLITAN ATTORNEY
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
melissa.roberge@nashville.gov
will.ayers@nashville.gov
*Counsel for Ashley Coon and Metro Nashville*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the foregoing has been served via email to:

| | |
|---|---|
| Kyle Mothershead | Bryan Moseley |
| 7000 Executive Center Drive, Suite 240 | 237 Castlewood Drive, Suite D |
| Brentwood, TN 37027 | Murfreesboro, TN 37129 |
| (615) 891-3901 | (615) 254-0140 |
| kyle@relentlesslaw.com | bryan.moseley@moseleylawfirm.com |

on this 27th day of January 2025.

                                  */s/ Melissa Roberge*
                                  Melissa Roberge