| | |
|---|---|
| TARA CAPPS, as administrator of the Estate of MARK CAPPS, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, <br><br> Defendant. | ) ) ) ) ) ) ) No. 3:23-cv-01141 ) ) ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER

The Court revisits a case involving the unfortunate death of Mark Capps ("Mr. Capps"). Before the Court is Metropolitan Government of Nashville and Davidson County, Tennessee's ("Metro") Motion for Summary Judgment (Doc. No. 100) on Plaintiff Tara Capps's ("Mrs. Capps") remaining 42 U.S.C. § 1983 ("§ 1983") Fourth Amendment municipal liability claim, which is fully briefed and is ripe for review (Doc. Nos. 100–02, 104–05, 108). For the following reasons, Metro's motion will be granted.

I.  BACKGROUND AND UNDISPUTED FACTS

The Amended Complaint raises § 1983 violations against Officer Ashley Coon ("Officer Coon") and Metro stemming from Officer Coon's use of excessive deadly force against Mr. Capps, and Metro's municipal liability for that harm. (Doc. No. 50 at 28). On February 25, 2025, the Court granted Officer Coon's motion for summary judgment, finding as a matter of law that his use of deadly force against Mr. Capps was not unreasonable under the Fourth Amendment. (Doc. No. 97 at 22). Based on that ruling, Metro now moves for summary judgment on Mrs. Capps's § 1983 municipal liability claim. (Doc. No. 101). Because the issues presented are straightforward,

the Court need not revisit the undisputed facts on this case, which are set forth in full in its February 25, 2025 Memorandum Opinion. (See Doc. No. 97 at 2–4).

## II. LEGAL STANDARD

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Peffer v. Stephens, 880 F.3d 256, 262 (6th Cir. 2018) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003) (citation omitted). "The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the non-moving party's case." Id. (citation and quotations omitted). "In response, the nonmoving party must present 'significant probative evidence' that will reveal that there is more than 'some metaphysical doubt as to the material facts.'" Miller v. Maddox, 866 F.3d 386, 389 (6th Cir. 2017) (quoting Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir. 1993)).

In deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. See Anderson, 477 U.S. at 249. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there

2

must be evidence on which a trier of fact could reasonably find for the non-moving party. See Rodgers, 344 F.3d at 595.

III. ANALYSIS

Given the Court's February 25, 2025 ruling, this case has been narrowed to one remaining claim: Mrs. Capps's § 1983 municipal liability claim against Metro that alleges its customs, trainings, policies, and practices led to Officer Coon using excessive force against Mr. Capps. (Doc. No. 58 ¶ 204). To prevail on her § 1983 municipal liability claim against Metro, Mrs. Capps "must show that the alleged federal right violation[,]" Officer Coon's alleged use of excessive force against Mr. Capps, "occurred because of a [Metro] municipal policy or custom." Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Inherent to this claim is that a constitutional violation has occurred, as "[a]n underlying constitutional violation is the *sine qua non* of municipal liability[.]" Puskas v. Delaware Cnty., Ohio, 56 F.4th 1088, 1099 (6th Cir. 2023). Indeed, it is as simple as "[n]o constitutional violation means no municipal liability." Thomas v. City of Columbus, Ohio, 854 F.3d 361, 367 (6th Cir. 2017) (citing Lee v. Metro Gov't of Nashville & Davidson Cnty., 432 F. App'x 435, 449 (6th Cir. 2011)). Based on the foregoing legal standards, Metro reasons that summary judgment in its favor is warranted, as the Court has already ruled that Officer Coon did not commit a constitutional violation against Mr. Capps, and so Mrs. Capps has no constitutional violation to support her municipal liability claim. (Doc. No. 101 at 3).

Mrs. Capps does not meaningfully dispute Metro's obviously correct position. (See Doc. No. 104 at 1 (Mrs. Capps citing to Puskas for the proposition that "municipality cannot be liable of no Fourth Amendment violation occurred")). As Mrs. Capps concedes, the Court's prior ruling that no constitutional violation occurred against Mr. Capps is the law of the case. See Howe v. City of Akron, 801 F.3d 718, 739 (6th Cir. 2015) ("The doctrine of law of the case provides that

3

the courts should not reconsider a matter once resolved in a continuing proceeding.") (citation and quotations omitted); Sherley v. Sebelius, 689 F.3d 776, 780 (D.C. Cir. 2012) ("The purpose of the law-of-the-case doctrine is to ensure that the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*.") (citation and quotations omitted). Based on that ruling, it follows that because Officer Coon did not violate Mr. Capps's Fourth Amendment rights through excessive force—the only constitutional violation Mrs. Capps alleges—Mrs. Capps's municipal liability claim against Metro also fails as a matter of law. (See Doc. No. 50 ¶¶ 201–06); see also Puskas, 56 F.4th at 1099 (upholding district court's grant of summary judgment on municipal liability claim where no underlying Fourth Amendment violation occurred). Given this, the Court need not address the parties' other arguments, including the merits of the theories of municipal liability Mrs. Capps would have asserted had she demonstrated a constitutional violation occurred. This also includes her then-pending motion for leave to amend requesting to allege a new constitutional violation, as none change the outcome here.[1] (See Doc. No. 104 at 5; see also Doc. No. 106-1).

At bottom, because Mrs. Capps cannot show Mr. Capps suffered harm "caused by a constitutional violation[,]" she cannot support her municipal liability against Metro that by definition requires such harm to have occurred. Lee, 432 F. App'x at 449. Accordingly, the Court will grant Metro's motion, and Mrs. Capps's § 1983 municipal liability claim will be dismissed.

---

[1] These arguments are particularly unavailing given the Magistrate Judge recently denied Mrs. Capps's motion for leave to amend, leaving her without any actionable constitutional violation to support her claims. (See Doc. No. 116).

## IV. CONCLUSION

For the foregoing reasons, Metro's Motion for Summary Judgment (Doc. No. 100) is **GRANTED**, and this case is closed. Officer Coon's Motion to Exclude Plaintiff's Expert Testimony (Doc. No. 76) is **DENED AS MOOT**, and the Clerk is directed to close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE